Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Richard D. Daly (to be admitted *Pro Hac Vice*)
rdaly@dalyblack.com
Donald C. Green II (to be admitted *Pro Hac Vice*)
dgreen@dalyblack.com
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
Telephone: (713) 655-1405
Facsimile:  (713) 655-1587

*Counsel for Plaintiff and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION – RIVERSIDE COUNTY**

| | |
|---|---|
| Holly Garrett, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>Sedgwick Claims Management Services, Inc.,<br><br>       Defendant. | **Case No.: 5:21-cv-00970**<br><br>**COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Holly Garrett ("Plaintiff" and/or "Garrett"), on behalf of herself and all others similarly situated, hereby files this Complaint against Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") ( "Defendant"), showing in support as follows:

## I.      INTRODUCTION AND NATURE OF ACTION

1.      This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.      This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and the California Labor Code and relevant Industrial Welfare Commission Wage Order, Cal. Labor Code §§ 226.7, 512 and Cal. Wage Order No. 4-2001, § 11 (Meal Breaks); Cal. Labor Code § 226.7, and Cal. Wage Order No. 4-2001, § 12 (Rest Breaks); Cal. Labor Code §§ 510, 1194, 1771, and 1774 (Overtime Provisions); Cal. Labor Code § 226 (Wage Statement Provisions); and Cal. Labor Code § 203 (Waiting Time Penalties) (collectively, "California State Law") for Defendant's violations of California State Law.

3.      Defendant Sedgwick is a "leading global provider of technology-enabled risk, benefits and integrated business solutions"[1] that serves numerous corporate customers nationwide as well as globally. According to its website,

---

[1]      Our Story, https://www.sedgwick.com/about-us, last accessed June 3, 2021.

Defendant Sedgwick employs more than 27,000 individuals, mostly in the United States.[2]

4.    Plaintiff was an hourly-paid, non-exempt nurse case manager employee of Defendant who worked remotely managing worker's compensation claims on behalf of Defendant's clients. Plaintiff and similarly situated nurse case managers were paid for their work by the hour. When they worked over eight hours in a day and/or forty hours in a workweek, which happened frequently, Plaintiff and similarly situated nurse case managers were eligible to receive overtime wages. However, Defendant did not pay Plaintiff and other similarly situated nurse case managers for overtime worked, as defined under the FLSA and California labor laws.

5.    Defendant's policies and/or practices with regard to Plaintiff and similarly situated nurse case managers violated the FLSA and California labor laws. Defendant typically required its nurse case manager employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties that were an "integral part of [her] principal activity" pursuant to 29 C.F.R. § 553.221, including communications and correspondence with other employees and customers, completing paperwork, and reviewing medical records. The time that Plaintiff and similarly situated nurse case managers spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

---

[2]    *Id.*

6.     In weeks when Plaintiff and similarly situated nurse case managers worked more than eight hours in a day and/or forty hours in a workweek (inclusive of time worked "off-the-clock"), which occurred frequently, this requirement resulted in a violation of the FLSA's overtime provisions under 29 U.S.C. § 207, and related California labor laws.

7.     Defendant's policies and/or practices with regard to meal and rest breaks also violated other relevant laws of the State of California. Defendant frequently failed to provide rest breaks and failed to fully relieve Plaintiff and similarly situated nurse case managers during requisite meal breaks as required under state law. As a result, Defendant failed to pay the putative California Class Action Members all wages due to them during their employment with Defendant and at the time of her separation from the company. Defendant also failed to provide the California Class Members with accurate, itemized wage statements in violation of Cal. Labor Code § 226, and failed to pay all wages due at the time of termination in violation of Cal. Labor Code § 203.

8.     Plaintiff seeks all damages available under federal and California law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II.     THE PARTIES

### A.     Plaintiff Holly Garrett

9.     Garrett is an individual residing in Riverside County, California. She has standing to file this lawsuit.

10.     Garrett was a nurse case manager employee of Defendant, who worked remotely from her home in Riverside County, California. She was employed beginning in or about 2018 through approximately February 2021.

11.     Garrett's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit 1.

**B.     Putative California Class Action Members**

12.     Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent three proposed classes of California Class Action Members composed of and defined as follows:

> All current and former nonexempt, hourly-paid nurse case manager employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime compensation for time spent completing mandatory pre- and post-shift work off-the-clock without any compensation, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Off-the-Clock Class Members");

> All current and former nonexempt, hourly-paid nurse case manager employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's failure to provide meal and/or rest breaks or penalty pay, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Break Class Members");

> and

> All former nonexempt, hourly-paid nurse case manager employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who did not receive all wages due at the time

of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

13.     Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

14.     Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**C.     Putative Collective Action Members**

15.     Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid nurse case manager employees who worked for Defendant nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

16.     Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

17.     Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid minimum and overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

**D.     Defendant Sedgwick Claims Management Services, Inc.**

Case No. 5:21-cv-00970
Original Complaint

18.    Defendant Sedgwick is a corporation organized under the laws of the state of Illinois that does business in California.

19.    Sedgwick may be served with process through its registered agent, Corporation Service Company, located at 2710 Gateway Oaks Drive, Suite 105N, Sacramento, California 95833.

20.    At all times relevant to this lawsuit, Sedgwick has been an "enterprise engaged in commerce" as defined by the FLSA.

21.    At all times relevant to this lawsuit, Sedgwick employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

22.    At all times relevant to this lawsuit, Sedgwick has had gross operating revenues or business volume in excess of $500,000.

### III.    JURISDICTION AND VENUE

23.    This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

24.    This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

25.    The United States District Court for the Central District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

26.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## IV.     FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

27.     Plaintiff worked for Defendant as a nonexempt, hourly-paid nurse case manager employee, providing claims management services regarding worker's compensation claims on behalf of Defendant' customers. Case management services also include reviewing medical records, coordinating medical treatment with providers, communications with customers and patients, and other related activities, all of which are more specific tasks falling under Plaintiff's more general claims management duties.

28.     Defendant employs thousands of nurse case manager employees across the country, and over 100 such employees in the State of California.

29.     All of the putative Class and Collective Action Members were similarly classified as nonexempt employees and paid on an hourly basis and performed substantially similar job duties as the Plaintiff.

30.     Plaintiff worked for Defendant in the State of California beginning in or about 2018 through approximately February 2021. Plaintiff began her employment with York Risk Services Group, Inc. ("York"), which is a company offering similar (if not identical) services to Sedgwick. York was acquired by Sedgwick sometime in 2019. Based on information and belief, York is a subsidiary of Sedgwick.

31.     For virtually all workweeks, Plaintiff was paid for precisely 40 hours of work, although she frequently worked more than forty hours in those workweeks, or more than eight hours in any given workday.

32.     Plaintiff did not receive all of the compensation she was entitled to when she was required to work over forty hours in a given workweek or over eight hours in a specific day for Defendant, because Defendant frequently refused to pay her for assigned work which resulted and required over eight hours of work in a day, often leaving up to four hours per day or more of uncompensated work.

33.     Specifically, Plaintiff was assigned a caseload of approximately 60 cases. Plaintiff was required to bill per activity she performed, as it relates to cases assigned to her by Defendant. Her billable time was then submitted as an invoice to an insurance company or to Worker's Compensation (*i.e.*, clients of Sedgwick). In addition, Defendant would compensate Plaintiff based solely on her billable time. This pay practice is problematic, and results in liability against Defendant, because Plaintiff's billable time does not fully encompass her actual work time. Indeed, on or about March 2020 it became Defendant's formal policy and/or practice that Plaintiff and other similarly situated employees not be paid for more than eight hours in a day / five days a week, notwithstanding work performed beyond eight hours in a day and/or forty hours in a workweek, and Defendant's actual and/or constructive knowledge of said work.

34.     Plaintiff reported this failure to pay her for assigned work which she completed over eight hours in a day and/or forty hours in a week, but Defendant failed to compensate her for those hours of work. Indeed, Plaintiff submitted

billable time to Defendant that reflected overtime work, on occasions covered for other similarly situated employees that required her to work overtime, and prepared and submitted reports during weekends. Regardless, Defendant failed to pay Plaintiff overtime pay.

35.    When Plaintiff and similarly situated nurse case managers worked over forty hours in a workweek or more than eight hours in a day, which happened frequently, they were eligible to receive overtime wages. Because she and the putative class and collective action members are hourly paid, no exemptions from overtime pay can apply. .

36.    However, Defendant typically requires its nurse case manager employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties after her shift had ended including communications and correspondence with other employees and customers, completing paperwork, and reviewing medical records. The time that Plaintiff and similarly situated nurse case managers spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

37.    Defendant's failure to compensate Plaintiff and similarly situated nurse case managers for work they performed "off-the-clock" resulted in overtime violations.

38.    For instance, during the pay period beginning July 19, 2020 and ending July 25, 2020, Plaintiff earned 40 hours of pay at the rate of $43.70 per hour. Defendant generally only paid Plaintiff Garrett for a standard forty hours per week, or eight hours of work for each individual day over a total of five days.

39.     Although Defendant only paid Plaintiff for 40 hours of work that week, the total number of hours which Defendant billed its various customers for Plaintiff's work that week totaled 72.2 hours.

40.     Plaintiff alleges that this extra, uncompensated time frequently totaled to at least an additional 10 hours of work per week, if not more.

41.     Plaintiff also frequently worked more than eight hours a day, and occasionally more than twelve hours per day.

42.     By way of example, Plaintiff was paid for only 8 hours of work on Wednesday, July 22, 2020. However, Defendant billed a total of 14.4 hours of Plaintiff's work on that same day to various customers, consistent with the fact that Plaintiff worked more than 8 hours on that day. .

43.     Regardless, Defendant only compensated Plaintiff for eight hours at her normal pay rate of $43.70, totaling approximately $349.60, which does not include premium pay for overtime worked under the FLSA and California law.

44.     Under the applicable provisions of the California Labor Code, Plaintiff would have been entitled to 6.4 hours of overtime, with 2.4 hours of that being due at an overtime rate of double her regular rate of pay.

45.     Accordingly, for that single day, Plaintiff is owed additional overtime pay totaling $471.96; 4 hours at her standard overtime rate of $65.55 and 2.4 hours at her double overtime rate of $87.40.

46.     Plaintiff alleges that this extra, uncompensated time frequently totaled to at least an additional 2 hours of work per day, if not more.

47.   Now, as the result of Defendant's failure to pay for time worked "off-the-clock," Plaintiff is entitled not only to her back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees, costs and other damages permissible under the FLSA and California labor laws.

48.   Such overtime violations were not limited to this particular pay period, but occurred regularly throughout Plaintiff's  tenure with Defendant. Similar overtime violations occurred with respect to the putative Collective and Class Action Members.

49.   On information and belief, this policy or practice of Defendant to only pay wages for standard eight hour days and to fail to pay for mandatory pre- and post-liminary work performed "off-the-clock" was uniformly and consistently applicable to all of its nurse case manager employees across the country.

50.   The above-described mandatory work time completed "off-the-clock" was not included in Plaintiff's and putative Class and Collective Action Members' itemized wage statements.

51.   Defendant willfully did not pay Plaintiff and putative Class and Collective Action Members the sums due pursuant to work performed "off-the-clock" at the time of their separation from employment with either Defendant.

52.   Defendant either knew or should have known that Plaintiff was required to work "off-the-clock." Defendant knew that the number of hours it billed its customers exceed the actual number of hours paid to its nurse case managers for the very same work.

53.     Frequently, Defendant expected its nurse case managers, including Plaintiff, to work through meal and rest breaks. As a result, Plaintiff did not receive meal and rest breaks required by the California Labor Code.

54.     Defendant did not pay any statutorily-prescribed penalty for its failure to relieve its workers during mandatory meal and rest breaks.

55.     On information and belief, this failure to provide all meal and rest breaks required by state law applied to all nonexempt, hourly-paid nurse case manager employees of Defendant.

56.     Because of this policy and/or practice, Defendant failed to pay Plaintiff and relevant putative Class Action Members all wages to which they were entitled by law.

57.     Defendant willfully failed to pay Plaintiff and relevant putative Class Action Members the sums due pursuant to uncompensated or undercompensated meal and rest breaks at the time of their separation from employment with Defendant.

58.     Defendant intentionally and/or willfully failed to pay Plaintiff and putative Class and Collective Action Members all wages owed in violation of the FLSA and relevant state laws.

## V.     FLSA CLAIMS FOR OVERTIME PAY

59.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

## A.     FLSA Coverage

60.     All conditions precedent to this suit, if any, have been fulfilled.

61.     At all times relevant to this lawsuit, Defendant is/was eligible and a covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

62.     At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

63.     At all times relevant to this lawsuit, Defendant has employed, and continues to employ, thousands of employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

64.     At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.      FLSA Allegations**

65.     The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid nurse case manager employees of Defendant at locations across the country.

66.     At relevant times, Plaintiff and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

67.     On information and belief, thousands of hourly-paid nurse case manager employees worked for Defendant in connection with its risk management services during the three years preceding the filing of this action.

68.     During the relevant time period, Plaintiff and the putative Collective Action Members performed uncompensated work as required by Defendant before and after their shifts began.

69.     Defendant's requirement that Plaintiffs perform work "off-the-clock" without compensation violated the FLSA's overtime provisions. 29 U.S.C. § 207.

70.     Finally, federal law requires employers to make and keep accurate and detailed payroll data for nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiff and the putative Collective Action Members were required to complete "off-the-clock," Defendant has failed to keep accurate records pursuant to the foregoing requirements.

**C.     Collective Action Allegations**

71.     Plaintiff seeks to bring her claims under the FLSA on behalf of herself and all other nonexempt, hourly-paid nurse case manager employees who were required to complete mandatory pre- and post-liminary tasks without compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered.

Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

72.    Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other nonexempt hourly-paid nurse case manager employees who similarly did not receive compensation for time worked outside of scheduled shifts. This resulted in personal knowledge of the treatment of their co-workers at those locations. Furthermore, other nonexempt hourly-paid nurse case manager employees have shared with the Plaintiff that they experienced similar pay violations as those described in this Complaint.

73.    The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to providing risk management services on behalf of Defendant as employees, and receiving no compensation for required work performed outside of scheduled shifts.

74.    The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

75.    Defendant's failure to pay minimum wages and overtime compensation in connection with mandatory pre- and post-liminary work results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

76.    The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

Case No. 5:21-cv-00970
Original Complaint

77.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

78.     Plaintiff proposes that the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid nurse case manager employees who worked at any location nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

## VI.   CALIFORNIA STATE LAW CLAIMS

79.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

## A.     Controlling California State Law and Allegations

80.     California law requires payment of overtime wages to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

81.     Plaintiff and putative California Class Members frequently worked in excess of eight hours in a day or forty hours in a week.

82.     Defendant's policy or practice of requiring that Plaintiff and the putative California Class Members complete mandatory tasks before and after their shifts, while only being compensated for hours encompassed by the scheduled shift, resulted in a failure to pay all overtime wages owed under California State Law.

83.     Plaintiff routinely works and has worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which she was relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and California Wage Order 4-2001, § 11(A).

84.     Defendant did not pay the mandatory penalty when it failed to relieve Plaintiff of all duty for meal breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

85.     As the result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

86.     In addition, Plaintiff regularly worked and has worked without being afforded at least one ten-minute rest break in which she was relieved of all duty per four hours of work performed or major fraction thereof, as required by California Wage Order 4-2001, § 12(A).

87.     Defendant did not pay the mandatory penalty when it failed to fully relieve Plaintiff of all duty for rest breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

88.     As the result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

89.     California law requires employers to pay all wages due to an employee immediately upon discharge and within the time required by law after their employment ends. Cal. Labor Code §§ 201, 202. Should an employer willfully fail to timely pay its employee, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages. Cal. Labor Code § 203.

90.     Defendant's scheme to withhold payment for mandatory tasks completed before and after compensated shifts and its failure to provide compliant meal and rest breaks resulted in retention of wages to be paid to Plaintiff and the putative California Class after their employment with Defendant ended.

91.     Because Plaintiff and the putative California Class were employees of Defendant, its retention of money owed to them after their employment with Defendant ended was a violation of California State Law.

92.     Furthermore, California Labor Code § 226(a) requires employers to furnish employees with itemized wage statements including, *inter alia*, an accurate depiction of all hours worked.

93.     Defendant's requirement that Plaintiff and the putative California Class complete mandatory tasks before and after compensated shifts without pay

and its failure to provide compliant meal and rest breaks resulted in a violation of the provision of the California Labor Code which requires that employees receive a wage statement containing an accurate representation of their hours of work, total hours worked, gross wages earned, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

94.     Defendant was aware that its failure to pay overtime compensation was unlawful pursuant to California State Law.

**B.     Class Action Allegations**

95.     Plaintiff brings her claims for relief under California State Law, listed above, for violations of California's wage and hour laws as a class action, pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

96.     Numerosity (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period more than 100 individuals worked for Defendant in the state of California.

97.     Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

a.     Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA");

b.     Whether Defendant maintained a policy or practice of failing to pay the California Class for time spent completing mandator pre- and post-liminary duties in violation of California law and resulting in overtime violations;

c.     Whether Defendant maintained a policy or practice of failing to provide meal and rest breaks as required by California law;

d.     Whether Defendant unlawfully failed to keep and furnish the putative California Class with records of hours worked, in violation of California law;

e.     Whether Defendant's policy or practice of failing to pay the putative California Class all wages due immediately upon discharge violates the California law;

f.     Whether Defendant's policy or practice of failing to pay the putative California Class all wages due within the time required by law after their employment ends violates California law; and

g.     The proper measure of damages sustained by the putative California Class.

98.     <u>Typicality</u> (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative California Class. Plaintiff, like other California Class Members, was subjected to Defendant's policy or practice of refusing to pay wages for completion of mandatory pre- and post-liminary work and failure to comply with relevant state laws regarding meal and rest breaks in violation of California

law. Plaintiff's job duties and claims are typical of those of the putative California Class.

99.   <u>Adequacy</u> (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative California Class.

100.   <u>Adequacy of counsel</u> (FED. R. CIV. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting off-the-clock claims under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative California Class.

101.   Class certification of the California State Law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative California Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative California Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of refusing to pay wages for completion of mandatory pre- and post-liminary work to its employees, and Defendant's refusal to comply with state law regarding meal and rest breaks in violation of California law.

102.   <u>Predominance and superiority</u> (FED. R. CIV. P. 23(b)(3)) – Class certification of the California State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact

common to the putative California Class predominate over any questions affecting only individual members of the putative California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative California Class. The damages suffered by individual members of the putative California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

103.   Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative California Class to the extent provided by Rule 23.

104.   Plaintiff proposes that the three classes to be certified be defined as:

All current and former nonexempt, hourly-paid nurse case manager employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime compensation for time spent completing mandatory pre- and post-shift work off-the-clock without any compensation, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Off-the-Clock Class Members");

All current and former nonexempt, hourly-paid nurse case manager employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's failure to provide meal and/or rest breaks or penalty pay, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Break Class Members");

and

All former nonexempt, hourly-paid nurse case manager employees who worked within California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who did not receive all wages due at the time of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

105.   Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

106.   Plaintiff also seeks to bring this action as aggrieved employees on behalf of herself and other current former employees pursuant to the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5.

## VII.   CAUSES OF ACTION

### 1.   First Claim for Relief – Violation of the FLSA

107.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

108.   The foregoing conduct, as alleged violated the FLSA.

109.   Plaintiff and the putative Collective Action were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

110.   Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action, overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

111.   Defendant failed to pay Plaintiff and the putative Collective Action their federally mandated overtime wages for all hours worked over 40 in a given

workweek due to its policy or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

112.   Accordingly, Plaintiff and the putative Collective Action are entitled to the full statutory minimum wages set forth in 29 U.S.C. § and 207.

113.   Defendant's conduct was willful and done to avoid paying overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

114.   Plaintiff seeks all damages to which she is entitled under the FLSA, including her back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2.   Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210

115.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

116.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

117.   At some point more than four years ago, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's

conduct as herein alleged has injured Plaintiff and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the putative California Class.

118.   Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.   The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262;

b.   California Labor Code § 1194, which provides in pertinent part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit;

c.   California Labor Code §§ 201-203, and 226;

d.   California Labor Code § 1174; and

e.   California Labor Code § 510, which provides in relevant part:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee

119.   Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

120.   The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff and the putative California Class in that they were wrongfully denied payment of earned wages.

121.   Plaintiff, on behalf of herself and the putative California Class, seeks restitution in the amount of the respective overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve hours per day and for all work over eight hours on the seventh consecutive day of work in a workweek.

122.   Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

     **3.**     **Third Claim for Relief – California Overtime Violations, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 510, 1194**

123.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

124.   California law requires an employer to pay overtime compensation to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

125.   California wage and hour laws provide greater protections for workers than the FLSA. Therefore, California wage and hour laws apply to Plaintiff and all members of the putative California Off-the-Clock Class where they provide greater protections to workers. 29 U.S.C. § 218(a).

126.   Throughout the time period relevant to this claim for relief, Plaintiff and the putative California Off-the-Clock Class worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and the putative California Class also sometimes worked in excess of 12 hours in one day and for over eight hours on a seventh consecutive day of work.

127.   Defendant's policy or practice of requiring Plaintiff and the putative California Off-the-Clock Class to complete mandatory pre- and post-shift work off-the-clock without any compensation resulted in violations of these overtime wage provisions.

128.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the putative California Off-the-Clock Class have

sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant during the four year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### 4. Fourth Claim for Relief – California Meal and Rest Provisions, Cal. Wage Order No. 4-1001; Cal. Labor Code §§ 218.5, 226.7, & 512

129.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

130.   Plaintiff and the putative California Break Class Members routinely work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and California Wage Order 4-2001, § 11(A).

131.   Defendant did not pay the mandatory penalty when it failed to relieve Plaintiff and the putative California Break Class Members of all duty for meal breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

132.   As the result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the putative California Break Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

133.   In addition, Plaintiff and the putative California Break Class Members regularly work and have worked without being afforded at least one ten-minute rest break in which they were relieved of all duty per four hours of work performed or major fraction thereof, as required by California Wage Order 4-2001, § 12(A).

134.   Defendant did not pay the mandatory penalty when it failed to fully relieve Plaintiff and the putative California Break Class Members of all duty for rest breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

135.   As the result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and the putative California Break Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

136.   In the event Plaintiff and the putative California Break Class Members are successful in prosecuting this claim, they are entitled to an award of reasonable attorney's fees and costs pursuant to California Labor Code § 218.5.

### 5.    Fifth Claim for Relief – California Record-Keeping Provisions, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 226, 1174, &1174.5

137.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

138.   Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and the putative California Off-the-Clock and Break Class Members in accordance

with California Labor Code § 226(a) and the applicable IWC Wage Order. Such failure caused injury to Plaintiff and the putative California Off-the-Clock and Break Class Members by, among other things, impeding them from knowing the amount of wages to which they were and are entitled. On information and belief, at all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and the putative California Off-the-Clock and Break Class Members as required under California Labor Code § 1174(d).

139.   Plaintiff and the putative California Off-the-Clock and Break Class Members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(e) & 1174(d), and further seek the amount provided under Labor Code §§ 226(e) & 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**6.     Sixth Claim for Relief – California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203**

140.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

141.   California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

Case No. 5:21-cv-00970
Original Complaint

142.   Plaintiff and the putative California § 203 Class Members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation.

143.   More than thirty days have passed since Plaintiff and the putative California § 203 Class Members left Defendant's employ.

144.   As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the putative California § 203 Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

> **7.      [RESERVED CLAIM FOR RELIEF] - Seventh Claim for Relief – California PAGA Claims Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 2698-2699.5**

145.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

146.   [RESERVED]Under the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee. Cal. Labor Code § 2699.

147.   [RESERVED] Pursuant to Cal. Labor Code § 1198, Defendant's failure to pay proper compensation to Plaintiff and the putative California Class, failure to keep and furnish them with records of hours worked, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended is unlawful and constitutes violations of the California Labor Code, each actionable under PAGA.

148.   [RESERVED] Plaintiff alleges, on behalf of herself and the putative California Class, as well as the general public, that Defendant has violated the following provisions of the California Labor Code and the following provisions of California Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Wage Order No. 4-2001, Cal. Labor Code §§ 201-203, 226, 226.7, 510, 512, 1174, 1174.5, 1182.11, 1182.12, 1194, 1771, and 1774. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

149.   [RESERVED] Plaintiff is also entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a), for Defendant's violations of the California Labor Code and relevant IWC Wage Order(s) for which violations a civil penalty is already specifically provided by law. Further, Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to § 2699(f) for Defendant's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

150.   On June 7, 2021, Plaintiff provided written notice by certified mail and electronic submission to the California Labor & Workforce Development Agency ("LWDA") and to Defendant through its registered agent of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action. Plaintiff awaits a response from the LWDA with regard to whether it will investigate the actions in the aforementioned written notice. Accordingly, Plaintiff has taken necessary steps to exhaust her administrative remedies, and will amend her pleadings in connection with such exhaustion.

151.   [RESERVED] Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order(s) that are alleged in this Complaint.

## VIII.   JURY DEMAND

152.   Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which they and the putative Collective and California Class Action Members have a right to jury trial.

## IX.   DAMAGES AND PRAYER

153.   Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective and California Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

     a.     An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.      An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

c.      Designation of Plaintiff Holly Garrett as a Representative of the California Class Action Members;

d.      Designation of attorneys Ricardo J. Prieto, and Melinda Arbuckle of Shellist Lazarz Slobin, LLP, and Richard D. Daly and Donald C Green of Daly & Black, P.C.as Class Counsel for the Nationwide FLSA Collective Action and the California Class Action Members;

e.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California State law;

f.      An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.      An award of damages including all unpaid overtime compensation for all hours worked over forty in a workweek, or, in California, over eight hours in a day and for the first eight hours worked on the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh consecutive day of work in a workweek;

h.      Appropriate statutory penalties;

i.      Costs of action incurred herein, including expert fees;

j.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

k.      Pre-judgment and post-judgment interest, as provided by law;

l.      Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: June 9, 2021

Respectfully submitted,

By:    s/Melinda Arbuckle
       Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Todd Slobin (to be admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**DALY & BLACK, P.C.**

Richard D. Daly (to be admitted *Pro Hac Vice*)
rdaly@dalyblack.com
Donald C. Green II (to be admitted *Pro Hac Vice*)
dgreen@dalyblack.com
ecfs@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
Telephone: (713) 655-1405
Facsimile:  (713) 655-1587

*Counsel for Plaintiff and Proposed Class and Collective Action Members*

Case No. 5:21-cv-00970
Original Complaint